Mr. Justice ThacheR.
delivered the opinion of the court.
*793 Goad’s bill in chancery, complains that on the 27th of November, 1838, he, and James A. Pugh, became the security of Joseph P. Lavender, upon his promissory note. The note was signed by them, in blank, with an understanding with Lavender, that it should not be filled up for more than about $280, and was drawn, payable to Harrison H. and Sabra Hart, administrator and administratrix of Thomas J. Hart, deceased. The note was given by Lavender, for the purchase of certain property at the estate sale of Thomas J. Hart, which purchase amounted to the sum of $1207, and the inducement held out to the complainant to allow himself to become security upon the note, was the representation of Lavender, that the estate of Hart was indebted to him in the sum of $900, that that amount should be deducted from the amount of the purchase-money, and that, at all events, the blank in the note should be filled with no more than the sum of $280. The sum of $900 was due to Lavender, for services as overseer, after the death of Thomas J. Hart. On the' 20th of February, 1839, Lavender intermarried with Sabra Hart.
The bill likewise charges a fraudulent combination between Lavender and Sabra Hart, to fill up the note for the full amount $1207, with the intention on the part of Sabra Hart to pay Lavender the amount of $900 due him, which was actually done before their intermarriage. The bill, also charges that Harrison H. Hart, the administrator, was acquainted. with the circumstance of the combination between Lavender and Sabra Hart, and that he first acquainted the complainant with the facts upon • which he relies, as well as with the fact that the action which subsequently was instituted upon the note for the use of the Union Bank of Louisiana was so instituted nominally, and that the bank had in fact but a remote and contingent interest in the suit. The bill is filed to enjoin a judgment at law, obtained by Harrison H. and Sabra Hart, administrators, and for a new trial at law, or a perpetual injunction; and sets up as a reason for not having made the defence of fraud upon the trial at law, that *794 the fact of the knowledge of the plaintiffs in the suit at law, of the time upon which the note was signed by the complainant, did not become known to him until after the rendition of the judgment at law.
The doctrine that one who signs a note in blank, and delivers it to another, makes that other his agent, with authority to fill it up with an indefinite amount, is well settled. But it is equally well settled, that if the authority of the agent be limited, and the agent exceeds this authority, the note will, in the hands of a party who has received it, with a knowledge that the authority was limited, be void as to the excess. Hemphill v. The Bank of Alabama, 6 S. & M. 44.
In the present case, the allegation is explicit, that the authority of Lavender to fill up the blank in the note, was limited in amount. It is charged that the administratrix conspired with Lavender to fill it up with a greater amount, with knowledge that the note was not to be filled up with a sum greater than $280. It appears also by the bill, that the administrator was acquainted with the circumstance of the limited authority of Lavender, because it alleges that he first communicated to the complainant, that a design was on foot to defraud the complainant through the means of the note.
The bill likewise charges that an attempt was made to conceal the real character of the transaction, by causing the Union Bank of Louisiana to be made the usee in the suit at law, when in reality the bank was not interested in the suit, but in a very remote and. doubtful contingency. Such an attempt would certainly be entitled to be received in a court of equity. Stovall v. The Bank of Missisisppi, 5 S. & M. 17.
The bill in this case was considered by the court of chancery to present no ground of equity upon its face, and the injunction against the judgment at law directed to be dissolved, but the view of the allegations in the bill does not seem to warrant that conclusion and decree, and it is therefore directed that the decree of the chancellor be reversed, the injunction reinstated, and the cause remanded for further proceedings.